UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLAND BRION COLES,

       Plaintiff,

v.                                                 Case No: 2:11-11406
                                                 Honorable Julian Abele Cook, Jr

FLEX-N-GATE FORMING TECHNOLOGIES,

       Defendant.
_____/

ORDER

       This case relates to an accusation by the Plaintiff, Gayland Brion Coles, who contends that his former employer, Flex-N-Gate Forming Technologies ("Flex-N-Gate"), exercised an illegal racial bias when it failed to promote him as an employee, in violation of Title VII of the Civil Rights Act of 1991. This lawsuit was filed by Coles even though the Court had entered an order of dismissal in favor of Flex-N-Gate on October 18, 2006, which was based upon a Settlement Agreement that had been achieved between these two parties involving the same alleged misconduct.

       The parties have now submitted several motions; namely, (1) a petition by Coles who seeks permission to proceed with this lawsuit before another judge, based in part upon his belief that this Court had demonstrated a bias against him during an earlier proceeding while he was a *pro se* litigant; (2) a motion to dismiss by Flex-N-Gate pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for the entry of a summary judgment as authorized by Fed. R. Civ. P. 56; and (3) a motion by Flex-N-Gate to impose sanctions against Coles pursuant to Fed. R. Civ. P. 11(c).

I

Although some of the underlying facts of this case can be found in *Coles v. Flex-N-Gate Forming Technologies, LLC,* No. 04-73671, 2006 WL 305641 (E.D. Mich. Feb. 9, 2006), a summary of the pertinent facts would be beneficial here.

While Coles was employed by Flex-N-Gate as a laser operator, he contends that his (1) fellow employees frequently targeted him with racial taunts, and (2) employer wrongfully denied promotional opportunities to him and subjected him to unjustified disciplinary actions. In September 2003, Coles and other employees were temporarily laid off from Flex-N-Gate due to a decline in business. Although some of his fellow workers were rehired when Flex-N-Gate's business improved, he was not. He was permanently laid off on December 26, 2003.

On June 3, 2002, Coles filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming that he had been wrongfully labeled as a disgruntled and counterproductive employee. This complaint was dismissed by the EEOC on August 23, 2002. A second complaint by Coles, which was filed in mid-May of 2003, was dismissed on July 1, 2004.

On September 21, 2004, Coles filed a six-count complaint with this Court, alleging (1) discrimination pursuant to 42 U.S.C. § 1981; (2) illegal acts of retaliation under 42 U.S.C. § 1981; (3) discrimination as found in Title VII of the 1991 Civil Rights Act; (4) wrongful acts of retaliation pursuant to Title VII of the 1991 Civil Rights Act; (5) discrimination according to the Michigan Elliott-Larsen Civil Rights Act; and (6) wrongful acts of retaliation under the Michigan Elliott-Larsen Civil Rights Act. A portion of Coles' complaint, in which he claimed that Flex-N-Gate had failed to promote him in violation of Title VII, was dismissed by the Court on February 9, 2006, for

reasons that his claim was time-barred.[1]

On September 19, 2006, the parties entered into a Settlement Agreement in which Coles agreed to "release and forever discharge" Flex-N-Gate from "all actual and potential claims, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description, direct or indirect . . . , known or unknown, suspected or unsuspected." (Settlement Agreement and Release of All Claims, Def's. Mot. to Dismiss at Ex. B ¶ 3(a)). This agreement specifically released Flex-N-Gate from all liability arising out of "or otherwise related in any way to" any claim of discrimination, wrongful discharge, or violations of state and federal law relating to his employment. *Id.*

Subsequent to the filing of the parties' Settlement Agreement, the case was dismissed with prejudice on October 18, 2006. Coles later filed a motion to vacate the more recent order of dismissal pursuant to Fed. R. Civ. P. 60(b) in which he sought to modify the order of the Court relating to his "failure to promote" claim. However, this motion to vacate was denied by this Court - a decision that was later affirmed by the Court of Appeals for the Sixth Circuit.

Coles returned to this Court on April 4, 2011, with the filing of a new complaint against Flex-N-Gate, seeking to set aside the decision in which his claims under Title VII had been rejected. Flex-N-Gate has now submitted a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56.

II.

As a threshold matter, the request by Coles for the Court to recuse itself will be denied.

---

[1] Coles later made an unsuccessful effort to persuade the Court to revisit this finding on the basis of that which he perceived to be evidence that had not been fully considered by the Court.

When this case was first filed, it was originally assigned to the Honorable David M. Lawson. In an order dated April 19, 2011, the case was transferred to the docket of the undersigned pursuant to E.D. Mich. L.R. 83.11(b)(7), which governs the reassignment of "companion cases." According to this local rule, two cases are companions to one another if "the same or related parties are present and the cases arise out of the same transaction or occurrence." *Id.* This rule applies even if one of the cases has been terminated. Furthermore, in its sound discretion, the judge to whom a later case is assigned may enter an order of reassignment when it becomes apparent to him or her that the case is a companion to an earlier lawsuit with a lower case number, as long as the earlier judge consents to the reassignment. Such a process was followed here when Judge Lawson, after consulting with this Court, determined that this matter was a companion to the previously filed *Coles v. Flex-N-Gate Forming Technologies, LLC,* Case No. 04-73671. Although Coles has attempted to express his objections to the reassignment, the local rules neither invite nor recognize such a challenge. Reassignment decisions lie within the collective discretion of the judges involved. *Jones v. City of Allen Park*, 167 F. App'x 398, 409 (6th Cir.2006) ("The district court's decision regarding whether or not to reassign a companion case is reviewed for an abuse of discretion.").

The Court now turns its attention to Coles' apparent argument that the Court should be disqualified from presiding over this case because of that which he characterizes as the judge's "previously published bias" against him as a pro se litigant. More specifically, he makes references to an order of the Court dated January 22, 2007 which (1) described Coles as a party who is "acting on his own behalf and without the benefit of counsel," and (2) indicated that his Rule 60(b) motion would be denied because it was untimely. Based on this language, Coles avers that he will not receive a full and fair hearing on the merits of his claim.

Congress has outlined the circumstances under which a judge of the United States shall disqualify himself from a case. Pursuant to the portions of 28 U.S.C. § 455 that are of relevance here, these situations include "any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party . . . ." The Sixth Circuit has interpreted this provision as requiring a showing by an aggrieved party that the judge's prejudice or bias is "personal or extrajudicial," meaning that it "emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003)). Here, however, the affidavit that Coles has filed in support of his request for recusal does not make reference to any conduct by the Court that stems from any activity outside of its decision-making role in the earlier case. In making his argument on this issue, he merely points to an alleged bias which relates wholly to the disagreement by the Court with Coles' characterization of the relevant facts and law in Case No. 04-73671. Yet, it is well-settled that in the absence of a showing of a deep-seated favoritism toward one party or a level of antagonism that would make the application of fair judgment impossible, judicial rulings alone almost never constitute valid grounds for disqualification. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Because Coles has identified nothing about the judge's behavior or any rulings which approach this standard, his request for disqualification must be rejected.

### III.

Next, Flex-N-Gate, through a motion, seeks to dismiss this lawsuit by Coles pursuant to Fed. R. Civ. P. 12(b)(6). However, this motion was filed after the answer to the complaint was filed, thereby rendering it untimely. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice*

5

*and Procedure § 1357* (3d ed. 2004) ("[A] post-answer Rule 12(b)(6) motion is untimely and . . . some other vehicle, such as a motion for judgment on the pleadings . . . must be used").  In the Sixth Circuit, a post-answer Rule 12(b)(6) motion has been treated as a request for entry of a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  *See, e.g., Satkowiak v. Bay Cnty. Sheriff's Dep't.*, 47 F. App'x. 376, 377 n. 1 (6th Cir. 2002); *Gordon v. Home Loan Center, LLC*, No. 10-10508, 2011 WL 1261179, at *3 (E.D. Mich. Mar. 31, 2011).  Therefore, Flex-N-Gate's Rule 12(b)(6) motion will be treated by this Court as a Rule 12(c) motion.

Federal Rule of Civil Procedure 12(c) states that "after the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for a judgment on the pleadings under Rule 12(c) should be analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).  *See, e.g.*, *Sensations Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-296 (6th Cir. 2008).  In its evaluation on the merits of a Rule 12(b)(6) motion, a court must assess whether the plaintiff has stated a claim upon which relief may be granted.  In order to survive a motion to dismiss under Rule 12(b)(6), the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  It must allege enough facts "to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570.  Factual allegations must be enough to raise a right to relief "above the speculative level that all the allegations in the complaint are true." *Bell Atlantic*, 550 U.S. at 555.  A court must construe a complaint in favor of the plaintiff, accept all allegations within the complaint as being correct, and determine whether the factual allegations have presented a plausible claim for relief.  *Id.*

As an alternative form of relief, Flex-N-Gate has moved for the entry of a summary judgment. The purpose of Federal Rule of Civil Procedure 56 ("the summary judgment rule ") is to isolate and dispose of factually unsupportable claims or defenses. . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Therefore, the entry of a summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of that fact "would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (*citing Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The burden is upon the movant to demonstrate the absence of a genuine issue of a material fact. *Townes v. County of Wayne*, No. 09-10693, 2011 WL 1297166, at *3 (E.D. Mich. April 5, 2011) (citing *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, a court is obliged to examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the non-moving party. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991).

IV.

Flex-N-Gate submits that it is entitled to a dismissal or to a judgment as a matter of law because Coles' complaint is barred by the Settlement Agreement between the parties. In response, Coles argues the parties' Settlement Agreement does not encompass his "failure to promote" claim. In general, the settlement of a dispute between the parties renders the case moot. *Int'l Union, United Auto., Aerospace, Agric. & Implement Workers of Am. v. Dana Corp.*, 697 F.2d 718, 721 (6th Cir.

1983) (*citing Local No. 8-6, Oil, Chem. & Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363 (1960)). However, there are two exceptions to this general rule. First, there may be circumstances in which only some of the issues in a case are resolved by the settlement. This means, in effect, that the case as a whole remains alive and goes forward because the other issues have not been rendered moot. The second exception arises when the situation is capable of repetition which means, in effect, that there is still an active case or controversy over which a judge who was appointed under Article III of the United States Constitution can preside. *Int'l Union*, 697 F.2d at 721 (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981) and *Globe Newspaper v. Superior Court*, 457 U.S. 596 (1982)); *see also Mich. Bell Tel. Co. v. Engler*, 72 F. App'x. 380, 384 (6th Cir. 2003). It should be noted that this second exception has been narrowly interpreted, and encompasses "only cases in which the challenged conduct is of such short duration that it ceases before review is possible." *Mich. Bell*, 72 F. App'x. at 384.

In the opinion of this Court, neither of the exceptions apply here because the Settlement Agreement was comprehensive in scope, and Coles has not presented any evidence that the harm about which he complains is capable of repetition. Moreover, the Court does not find the Settlement Agreement as a whole or the "General Release" provision in particular to be ambiguous or unclear.

According to this provision within the Settlement Agreement, Coles agreed to release and forever discharge Flex-N-Gate from "all actual and potential claims, complaints, demands, causes of action . . . and other liabilities of every sort and description, direct or indirect, fixed or contingent, known or unknown, suspected or unsuspected. . . ." (Settlement Agreement and Release of All Claims, Def's. Mot. to Dismiss at Ex. B). A further reading of the Settlement Agreement reveals that there is no exception therein which can be reasonably construed to allow Coles' "failure to

8

promote" claim to continue. Rather, it is quite apparent that the intent of the parties in agreeing to this settlement is clear; namely, to finalize this dispute once and for all and to prevent any further lawsuits by Coles against his former employer. This interpretation is consistent with the earlier interpretation of the Settlement Agreement by the Sixth Circuit. *Coles v. Forming Techs., LLC*, No. 07-1218 (6th Cir. Apr. 29, 2008) ("[The] release . . . clearly waived any and all claims that [Coles] may have had regarding his employment with [the Defendant]."). Inasmuch as all of the issues in this case have already been settled under the clear and unambiguous language of the Settlement Agreement, and there are no remaining issues that require any resolution, the Court finds that the issues raised by Coles' most recent lawsuit are now moot. Thus, the entry of an order of dismissal and/or a summary judgment is warranted under the circumstances.

V.

The Court now turns to the next argument by Flex-N-Gate; namely, that the issues within Coles' complaint are barred by the doctrines of res judicata and collateral estoppel. Coles disagrees, contending that res judicata does not apply here because of (1) fraud by Flex-N-Gate, and (2) the incorrect decisions by this Court and the Sixth Circuit to decline to admit newly discovered evidence regarding the alleged ineffectiveness of his original trial counsel.[2]

A.

Res judicata, or claim preclusion, refers to "the effect of a judgment in foreclosing of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Potts v. Hill,* 77 F. App'x. 330, 333 (6th Cir. 2003) (quoting *Migra v. Warren*

---

[2]Coles has not alleged with any reasonable degree of specificity how or in what way the judge of this Court was biased toward *pro per* litigants in general or to him specifically.

9

*City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). In order for the doctrine of res judicata to apply, the following elements must be satisfied:

> (1) A final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

This Court agrees with Flex-N-Gate that this doctrine serves as a bar to Coles' current legal action. The order of February 9, 2006, incorporated a decision which addressed the lack of merit in his "failure to promote" claims. Moreover, this very issue was the subject of several unsuccessful efforts by Coles to raise the issue anew; namely, (1) two motions for reconsideration, (2) one motion to vacate, and (3) an appeal to the Sixth Circuit.

Following the parties' settlement of the first lawsuit, Coles filed a motion to vacate in which he alleged that his "failure to promote" claim was not a part of the Settlement Agreement. The motion was denied by this Court and subsequently affirmed by the Sixth Circuit, which reasoned that (1) his motion was time-barred, and (2) the parties' Settlement Agreement (signed by him) contained a release clause that clearly waived any and all claims that he may have had regarding his employment with Flex-N-Gate.

It should also be noted that the issues which Coles now proffers to the Court have already been addressed by the Sixth Circuit. A reading of Fed. R. Civ. P. 41(b) indicates that a dismissal of a lawsuit by an appellate court due to the untimeliness of the action does not mean that the litigation was not decided on the merits. On the contrary, Rule 41 specifically states that a failure to comply with the Rules "operates as an adjudication on the merits." Accordingly, the Court

10

concludes that the first element of res judicata has been met.

Notwithstanding Coles' argument, this is indeed a subsequent action between the same parties, and the claims and assertions that he has made in this lawsuit were, or should have been, brought before this Court or the Sixth Circuit after the entry of judgment in the first action. There is also an identity of the "failure to promote" causes of action in this and the prior litigation because "the facts creating the right of action and . . . the evidence necessary to sustain each action," *Westwood Chem. Co. v. Kulick*, 656 F.3d 1224, 1227 (6th Cir. 1981), are identical here, in the original complaint, and in the subsequent Rule 60(b) motion. Thus, the Court concludes that the four elements of res judicata have been met, and Flex-N-Gate is entitled to a dismissal of Coles' complaint and/or the entry of a summary judgment on this basis.

B.

Collateral estoppel bars the "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *S.E.C. v. Quinlan,* 373 F. App'x. 581, 584-85 (6th Cir. 2010) (quoting *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008)). A party that seeks to preclude the relitigation of an issue under the doctrine of collateral estoppel must establish the following four elements:

> (1) The precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) the determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Schreiber v. Philips Display Components Co.*, 580 F.3d 355, 367 (6th Cir. 2009); *Waller v. Ford Motor Co.*, No. 08-10356, 2009 WL 3762942, at *2 (E.D. Mich. Nov. 9, 2009) (citing *Bies v.*

11

*Bagley*, 535 F.3d 520, 522 (6th Cir. 2008)).

The elements for collateral estoppel have also been met in this case. The issues raised in the complaint have already been raised and actually litigated before this Court and the Sixth Circuit. The Sixth Circuit found Coles' Rule 60(b) motion (which alleged ineffective assistance of counsel and bias on the part of this Judge) to be untimely and moot. A substantive examination of the issues was necessary to the outcome, and a final judgment on the merits was issued in the form of a rejection of his motion and an affirmation of the prior ruling by this Court.

Finally, the Court concludes that Coles had a full and fair opportunity to litigate this claim. His motion was initially denied by this Court - a decision that was affirmed by the Sixth Circuit. Both courts, having opportunities to evaluate Coles' positions on this issue, rendered rulings that were adverse to his position. In the judgment of this Court, the doctrine of collateral estoppel presents a bar to Coles's claims in this lawsuit.

VI.

Turning to another issue, an examination of the pleadings suggest that Coles believes that this Court should set aside the Settlement Agreement because he received allegedly ineffective assistance from his counsel at the trial level. The guarantee of effective assistance of counsel, as found in the Sixth Amendment, does not apply to civil cases. *Wojton v. U.S.,* No. 96-4219, 1998 WL 476239, at *2 (6th Cir. Aug. 3, 1998) (*citing Austin v. U.S.,* 509 U.S. 602, 608 (1993)). Therefore, Coles' assertion of an ineffective assistance of counsel is an improper attempt to circumvent the terms of his Settlement Agreement with Flex-N-Gate.

VII.

Finally, the Court turns to Flex-N-Gate's motion for the imposition of sanctions against Coles. Federal Rule of Civil Procedure 11(b) provides, in relevant part, as follows:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Flex-N-Gate alleges that Coles has violated both of these requirements because his claims are not warranted by existing law, are frivolous, and have caused it to incur unnecessary costs. Although several months have elapsed since the filing of this motion, Coles has not filed a response to the request by Flex-N-Gate as of this date.[3]

The test for the imposition of sanctions under Rule 11 is whether the challenged conduct was reasonable under the circumstances. *Union Planters Bank v. L&J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997). As this order makes clear, the commencement of this lawsuit by Coles was improper for several reasons, each of which is independently sufficient to warrant the entry of a dismissal with prejudice. Furthermore, as his prior attempts to relitigate these issues in this Court clearly demonstrate, Coles knew or should have known that his argument regarding the propriety of

---

[3]Flex-N-Gate has certified that it complied with the "safe harbor" requirement by providing Coles with twenty-one days in which to remedy any alleged violations before filing the motion with the Court. *See* Fed. R. Civ. P. 11(c)(2) ("The motion [for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."); *see also Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (agreeing with other courts that Rule 11 is "unquestionably explicit" in making the safe harbor provision an "absolute requirement").

pursuing his "failure to promote" claim - notwithstanding the earlier litigation and settlement of this claim - is wholly without merit. Therefore, Coles' conduct was not reasonable, and the imposition of sanctions against him is warranted.

The sanction for a violation of Rule 11(b) "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). In an effort to determine an appropriate sanction, the Court has considered the following factors; namely, (1) deterrence; (2) compensating the aggrieved party; (3) whether the aggrieved party failed to mitigate its expenses; and (4) the sanctioned party's ability to pay. *See Danvers v. Danvers*, 959 F.2d 601 (6th Cir. 1992). "Although deterrence is the primary goal of sanctions, reimbursement of fees and costs incurred by the other side is proper absent equitable considerations calling for a contrary amount." *Colton v. Memorial Drive Trust*, 986 F.3d 1421, 1993 WL 29663, at *3 (6th Cir. 1993) (unpublished table decision).

Here, the Court finds that the first three factors support an award to Flex-N-Gate of all of its costs and attorney fees incurred in the present lawsuit. A significant sanction appears necessary in order to deter Coles, given his course of conduct in this and the prior litigation. Flex-N-Gate should not be obligated to incur any of its costs and fees in connection with this litigation that was commenced without any basis or foundation. There is no evidence that Flex-N-Gate failed to mitigate its expenses or incurred unnecessary and frivolous expenses, especially since it filed its answer in a timely manner, followed shortly thereafter by a dispositive motion. Coles was advised

14

by Flex-N-Gate of its intention to file a motion to dismiss and seek sanctions against him. Prior to the filing of the dispositive motion, Flex-N-Gate also asked Coles to voluntarily dismiss his complaint without the need for any further proceedings. However, this request was rejected. In its effort to comply with the "safe harbor" requirements of Rule 11, Flex-N-Gate afforded Coles an additional opportunity to prevent the accumulation of unnecessary expenses. Finally, other courts within this Circuit when faced with similar Rule 11 issues have determined that those attorney fees and costs which were incurred in defending against the claims of an adverse party constituted an appropriate sanction. *See Proctor v. Educ. Credit Mgmt. Corp.*, No. 2:07-cv-839, 2010 WL 4919670, at *4 (S.D. Ohio Nov. 29, 2010) (listing cases); *Isley v. Ford Motor Co.*, 371 F. Supp. 2d 912 (E.D. Mich. 2005); *B&H Med., L.L.C. v. ABP Admin., Inc.*, 354 F. Supp. 2d 746 (E.D. Mich. 2005) (limiting sanctions to attorney fees incurred from point it became clear that claims lacked evidentiary support).

However, the Court is without adequate information upon which to assess the final factor under *Danvers*; to wit, Coles' ability to pay this sanction. First, Flex-N-Gate has not provided the Court with any evidence as to the amount of its claimed costs and fees. Therefore, Flex-N-Gate is directed to submit appropriate documentation to the Court within a period of fourteen (14) days from the date of this order that will detail the attorney fees and costs it incurred in the instant lawsuit. Second, Coles has failed to provide the Court with any evidence regarding his assets and income that would enable it to determine if he has the ability to pay all or a portion of these costs and fees. Thus, Coles is authorized to submit his opposition papers to the documentation of Flex-N-Gate. However, Coles' opposition pleadings (1) must be filed with the Court within a period of fourteen days from the date of Flex-N-Gate's submission of its documentation papers, and (2) shall be limited to his

challenge relating to the validity, accuracy, or reasonableness of the requested attorney fees and costs, as well as the inclusion of a financial declaration which sets forth his income, assets, expenses, and other relevant financial information.[4]  Finally, Flex-N-Gate is entitled to file a reply to Coles' opposition pleading, if any, within a period of seven (7) days thereafter.

VIII.

For the reasons that have been set forth above, Coles' request for the Court to recuse itself from hearing this case (Docket Entry No. 7) is denied.  Flex-N-Gate's motion to dismiss (Docket Entry No. 9), which was treated by the Court as a motion for the entry of a judgment on the pleadings, is granted.  Coles' one-page motion, which was filed on the same date as his complaint (Docket No. 2), seeking a judgment in his favor is denied.  Finally, Flex-N-Gate's motion for the imposition of sanctions (Docket Entry No. 15) is granted, with the amount of sanctions to be determined by the Court after the parties have submitted their respective documentation in accordance with Part VII above.

IT IS SO ORDERED.

Date: November 1, 2011                                      s/Julian Abele Cook, Jr.
                                                            JULIAN ABELE COOK, JR.
                                                            U.S. District Court Judge

CERTIFICATE OF SERVICE

---

[4]The Court notes that inability to pay sanctions is an affirmative defense, the burden of proving which rests squarely on Coles.  *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 642 (6th Cir. 2009).

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 1, 2011.

s/ Kay Doaks
Case Manager
